Hand-Delivered

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA

ROY JEAN DEDDER,
Plaintiff,

v.

CITY OF CLAREMONT;
CORPORAL KIRBY, in his individual capacity;
OFFICER SAVANNAH BOLTON, in her individual capacity; and
UNKNOWN OFFICERS OF THE CLAREMONT POLICE DEPARTMENT,
Defendants.

Civil Action No.: 5:26-cv-102-MED

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(42 U.S.C. § 1983)

------------------------------------------

JURISDICTION AND VENUE

1. This action arises under 42 U.S.C. § 1983 for violations of Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution.

2. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343.

3. Venue is proper in this Court under 28 U.S.C. § 1391 because all events giving rise to this action occurred in North Carolina.

------------------------------------------

PARTIES

4. Plaintiff Roy Jean Dedder is a resident of 1044 Ray's Place, Lenoir, North Carolina 28645.

5. Defendant City of Claremont is a municipal entity responsible for the policies, practices, and operations of the Claremont Police Department.

6. Defendant Corporal Kirby was at all relevant times a law enforcement officer employed by the Claremont Police Department and is sued in his individual capacity.

7. Defendant Officer Savannah Bolton was at all relevant times a law enforcement officer employed by the Claremont Police Department and is sued in her individual capacity.

8. Defendant Unknown Officers are law enforcement officers employed by the Claremont Police Department whose identities are currently unknown and are sued in their

individual capacities.

----------------------------------------

FACTUAL ALLEGATIONS

9. On or about May 10, 2023, Plaintiff was lawfully present in his vehicle in Claremont, North Carolina.

10. Plaintiff was not engaged in any criminal activity at the time of the encounter.

11. Defendants approached Plaintiff's vehicle in response to a call for service.

12. Plaintiff was calm, cooperative, and non-threatening during the encounter.

13. Defendants requested Plaintiff's identification.

14. Plaintiff asked whether he was legally required to provide identification and requested clarification of the legal basis for the request.

15. Plaintiff did not resist, delay, or obstruct the officers in any manner.

16. Despite this, Plaintiff was placed in handcuffs and detained.

17. Plaintiff was arrested and charged with resisting, delaying, or obstructing an officer.

18. Plaintiff was also charged with trespassing.

19. Plaintiff was also charged with carrying a concealed firearm.

20. All charges were later dismissed in their entirety.

21. At no time did Plaintiff resist, delay, or obstruct law enforcement.

22. Plaintiff was not asked to leave any property prior to the trespass charge.

23. The firearm referenced in the charges was not concealed.

24. Plaintiff's arrest was not supported by probable cause.

25. Plaintiff's vehicle was towed at his expense following the arrest.

26. Plaintiff's firearms were seized without a warrant or lawful justification.

27. Plaintiff believes that complete body camera and dash camera footage was not fully preserved or produced.

----------------------------------------

CLAIMS FOR RELIEF

COUNT I - FALSE ARREST (FOURTH AMENDMENT)

28. Plaintiff incorporates all preceding paragraphs.

29. Defendants arrested Plaintiff without probable cause.

30. This arrest violated Plaintiff's rights under the Fourth Amendment.

------------------------------------------

COUNT II - UNLAWFUL SEIZURE OF PERSON AND PROPERTY

31. Plaintiff incorporates all preceding paragraphs.

32. Plaintiff was unlawfully detained and handcuffed.

33. Plaintiff's vehicle was seized and towed without lawful justification.

34. Plaintiff's firearms were seized without a warrant or lawful authority.

------------------------------------------

COUNT III - MUNICIPAL LIABILITY (CITY OF CLAREMONT)

35. Plaintiff incorporates all preceding paragraphs.

36. Defendant City of Claremont maintained policies, customs, or failures in training or supervision that caused the constitutional violations.

37. These policies or omissions were the moving force behind the violations.

------------------------------------------

DAMAGES

38. Plaintiff suffered loss of liberty, emotional distress, humiliation, and financial damages.

------------------------------------------

JURY DEMAND

39. Plaintiff demands a trial by jury on all issues so triable.

------------------------------------------

PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Enter judgment in favor of Plaintiff;

B. Award compensatory damages;

C. Award punitive damages against individual defendants;

D. Award costs and fees;

E. Grant such other relief as the Court deems just and proper.

------------------------------------------

Respectfully submitted this 4th day of May , 2026.

Roy Jean Dedder
1044 Ray's Place
Lenoir, North Carolina 28645
Phone: 828-610-4277
Plaintiff, Pro Se